IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
MAY 02 2018
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18cr16KS-MTP

LOUIE REVETTE  18 U.S.C. § 922(g)(1)

**The Grand Jury charges:**

COUNT 1

On or about October 31, 2017, in Covington County, in the Eastern Division of the Southern District of Mississippi, the defendant, **LOUIE REVETTE**, having been convicted of a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

COUNT 2

On or about April 16, 2018, in Covington County, in the Eastern Division of the Southern District of Mississippi, the defendant, **LOUIE REVETTE**, having been convicted of a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of the offense alleged in this indictment:

1. Ruger, Model M77, 270 caliber rifle, SN: 7962454;

2. H&R 1871, Model Pardner Pump, 12 gauge shotgun, SN: NZ627824;

3. Norinco, Model SKS, 7.62x39mm rifle, SN: 44027;

4. Smith and Wesson, Model M&P 15-22, 22 caliber rifle, SN: HCN2270;

5. H&R, Model 999 Sportsman, 22 caliber revolver, SN: AP152939; and

6. Elite Arms, Model JD-15, 5.56 caliber rifle, SN: EA 3963.

Further, if any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States, to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described above.

All pursuant to Title 18, United States Code, Section 924(d)(1) and United States Code, Title 28, 2461(c).

_____
D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:
  s/ signature redacted
_____
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand jury on this the 2nd day _____MAY_____, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

2